**Marwin Ernesto NAVARRO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72426.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Dec. 21, 2012.

Marwin Ernesto Navarro, Lancaster, CA, pro se.

OIL, Jason Wisecup, DOJ–U.S. Department Of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Marwin Ernesto Navarro, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, relief under the Convention Against

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Torture ("CAT"), and relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Navarro's experiences, including one beating by national guard soldiers and one detention with no physical harm, do not rise to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003) (harassment, threats, and one beating did not compel finding of past persecution). Substantial evidence also supports the conclusion that even if Navarro suffered past persecution, the government rebutted the presumption of a well-founded fear of future persecution based on the 1992 peace accords in El Salvador. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–99 (9th Cir. 2003) (government successfully rebutted presumption of well-founded fear based on 1996 peace accords ending the Guatemalan civil war). Further, contrary to Navarro's contention, the record does not compel the conclusion that Navarro established an independent well-founded fear of future persecution based on his fear of gang violence and crime in El Salvador. *See Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Arriaga–Barrientos v. INS,* 937 F.2d 411, 414 (9th Cir.1991) ("The abduction of two geographically distant brothers by unknown gunmen for unknown reasons does not establish a well-founded fear."). Accordingly, Navarro's asylum claim fails.

Because Navarro failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

Substantial evidence supports the agency's finding that Navarro failed to establish it is more likely than not he will be tortured if he returns to El Salvador. *See Zheng v. Holder,* 644 F.3d 829, 835–36 (9th Cir.2011). Accordingly, Navarro's CAT claim fails.

Finally, as noted by the agency, Navarro conceded that his 2009 conviction for possession of methamphetamine rendered him ineligible for relief under NACARA. Navarro does not make any argument that he is eligible for NACARA relief.

**PETITION FOR REVIEW DENIED.**